NOURY CHEMICAL CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81-9-01322

Before FORD, *Judge.*

Decided August 9, 1982

*Memorandum Accompanying Order*

Defendant has moved, pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, for an order dismissing this action for lack of jurisdiction. The basis of such action is that protest 0901-1-000134, used to institute this civil action, was

---

untimely filed. Said protest was filed on April 17, 1981 more than seven months after the latest date of liquidation. Under the provisions of 19 U.S.C. 1514, the liquidation is "final and conclusive upon all persons (including the United States and any officer thereof) * * * " unless a party files a protest within 90 days of notice of liquidation. Accordingly, the protest is untimely filed unless the statute is tolled as will be discussed *infra.*

Plaintiff contends a letter dated September 4, 1980, addressed and sent to the Customs Service Headquarters in Washington, D.C. with a copy to Import Specialist D. K. Klein at the port of entry, Buffalo, New York, is in fact a timely protest. Alternatively, plaintiff contends the statute of limitations should be tolled and therefore protest 0901-1-000134 should be considered timely filed.

In any event, plaintiff's customshouse broker, C. J. Tower & Sons, filed a timely protest on October 30, 1980. This protest (0901-0-000288) was denied on November 25, 1981 and a civil action was timely instituted on January 8, 1982 (Court No. 81-12-01774). This action covers seven of the eight entries intended to be covered by the instant action. The protest filed by the broker apparently erroneously omitted one entry. The timely protest is not part of this action and is not subject to the motion to dismiss.

Section 1514(c)(1) provides that "a protest of a decision under subsection (a) of this section shall be filed in writing with the appropriate customs officer designated in the regulations prescribed by the secretary * * * ". The above regulation promulgated under the authority of the secretary provides that "the protest shall be filed with the district director whose decision is protested * * * ". The regulations, Section 174.13 also sets forth the necessary contents of a protest. The entry numbers, dates of entry, and dates of liquidations are among other information required to be set forth in a protest. Such information is not contained in the letter of September 4. In addition, as indicated *supra,* the letter was not filed with the proper party, the district director at Buffalo, New York. The interrogatories indicate that while a copy of the letter was sent to the import specialist at Buffalo, it was never filed as a protest with the district director. The letter of September 4, 1980 is therefore not sufficient to constitute a protest under the provisions of 19 U.S.C. 1514(c)(1) and 19 CFR 174.12(d).

The theory of plaintiff as to the tolling of the statute of limitations is not applicable in the case at bar. Plaintiff relies on *Farrell Lines, Inc.* v. *United States,* 69 CCPA 1, C.A.D. 1268 (1981), 657 F. 2d 1214 (1981) *reh. granted in part, denied in part* (1982).

In *Farrell, supra,* the court permitted the tolling of the statute under circumstances wholly different from those involved herein. The factual situation therein involved ships repairs as provided for in 19 U.S.C. 1466, as amended, and customs regulations, 19 CFR 4.14. The procedures to recover duties are covered by said statutory provision and customs regulations. Because of the nature and facts

in *Farrell,* the court tolled the time to protest the liquidation of the repair duties during the pendency of a Section 4.14 petition for remission of duties. The appellate court, in a footnote, expressed the reason for the tolling as follows:

> * * * Tolling in this case, on the other hand, is in harmony with the Congressional purpose to allow remission of duties on equipment and repairs of American vessels under 19 USC 1466(c) and rest on Congressional recognition that exhaustion of administrative remedies is a "basic principle of administrative law and one that has been followed in customs cases." H.R. Rep. No. 91-267, 91st Cong., 2d Sess. 2, *reprinted* in [1970] U.S. CODE CONG. & AD. NEWS 3202-03.

The circumstances indicated above do not exist in this case which is solely a classification issue. I, therefore, believe that the tolling of the statute is not applicable in this matter.